## Rogers *against* Wilson.

*July,* 1826.

**THIS** was an action by *Wilson* against *Rogers,* for an assault and false imprisonment. Pleas, not guilty and justification. Verdict and judgment for plaintiff.

On the trial the plaintiff introduced a witness who proved that defendant and one *Davis,* acting as Constable, dant's statement at same time that plaintiff was in custody by virtue of a warrant admissible, though warrant not produced on the trial.

Action for false imprisonment; pleas, not guilty and justification.
1, Plaintiff proved that when he was handcuffed, defendant stated that he had directed it; defen-

2, Evidence to show that defendant had ground to suspect plaintiff guilty of the offence for which arrested, good in mitigation.

3, Deposition admissible, though notice not proved, if other party cross-examine.

4, If on the cross-examination evidence of plaintiff's bad character be given, defendant may use and insist on it.

JULY, 1826.

Rogers
v.
Wilson.

brought him to a blacksmith's shop, and had handcuffs put on him. His Counsel examined the witness as to the conversation of defendant while at the shop relative to the orders for putting the irons on. Defendant's Counsel then asked the witness whether *Davis* and defendant did not at the same time state that they held plaintiff in custody by virtue of a warrant from *E. Burrows*, a Justice of the Peace. On the objection of plaintiff, the Court ruled that the Counsel for the defendant should not examine the witness as to any " admissions" of defendant relative to the warrant until the warrant should be produced or its absence accounted for.

The defendant offered in evidence the deposition of *Davis*, the notice for taking which does not appear by the Record to have been proved, but the deposition shews cross-examination by plaintiff. The deposition states that a State's warrant, issued by *E. Burrows* as a Justice of the Peace of *Autauga* County, was directed to him for the arrest of *Wilson* on a charge of having given a pass to one of the negroes of *Rogers*, which negro had been for some time run away—that he saw a pass which resembled *Wilson's* hand-writing—that in obedience to the warrant he arrested *Wilson*, and immediately summoned *Rogers* and one *Cottrell* to aid in carrying him before a Magistrate—brought him before the Magistrate *Burrows*, who directed witness to take him before *William Hester*, Esq.; and witness, to enable him to do this with greater ease and safety, had handcuffs put upon the prisoner, and as soon as possible took him before said *Burrows* and *Hester*, who, as Justices of the Peace, on his confession ordered him to be committed to jail—that plaintiff had stated in hearing of witness that the negro of *Rogers*, who was run away, applied to him one night through the medium of another negro of *Rogers*, for a pass, and that he had refused to give it; and that an another time, while the negro was run away, he was applied to to leave provisions for him in the woods where they had been at work—that *Wilson* was then in the employment of *Rogers*—that when asked why he did not then inform *Rogers* where his negro was, he said, because he " did not wish to make a fuss."

On question by plaintiff, " What do you know of me or of my character ?" witness said that plaintiff, for some time before he was apprehended, lived in *Vernon* with *Rogers ;* was in habits of drunkenness, and frequently kept disorderly company ; that he has seen *Wilson* with one of *Rogers's* negroes in *Vernon* buying liquor in the day time, when he thinks they ought to have been at work.

The Counsel for plaintiff objected to the deposition, and the Court excluded it from the Jury on the ground that it was inadmissible on the issues joined.

*Rogers* here assigned the matters of the bill of Exceptions as Error.

*Crawford* and *Hitchcock*, for plaintiff.

*H. G. Perry*, for defendant in Error.

Judge *Crenshaw*.—No rule of evidence is better estublished than that the whole of the admissions or declarations of a party made at the same time, must be received, or the whole must be rejected. On resorting to such evidence, we depart from the ordinary rules of testimony, and such statements are to be cautiously received. If the plaintiff will open the door to such evidence, it is surely competent for the defendant to avail himself of any statement which he made at the same time and about the same matter.

But it is contended, that the statement of the defendant as to putting on the handcuffs ought to have been received as part of the *res gesla ;* but that what he said in his own favour going to qualify the act is extraneous matter, and ought to be rejected. The rule is the same whether the statement is taken as a naked admission, or is made at the time of doing the act, and to be considered as connected with it. As a part of the res gesta the whole of the defendant's statement should have been received ; for it qualifies the act, and shews the object and intention of the party doing it. I am, therefore, of opinion that there was Error in not permitting the question to be answered.

As to the deposition of *Davis*, the plaintiff was present and cross-examined ; and this, I conceive, cured the previous irregularity, if any.

The deposition was rejected as being irrelevant to the issues. I am of opinion that all the deposition which relates to the warrant and to the proceedings of the defendant and the witness under it, although not full and conclusive evidence without the production of the warrant, was good evidence under the plea of justification, and should have been left to the Jury.

That part of the deposition which goes to shew that Rogers had reasonable grounds to suspect that Wilson had forged a pass for his runaway slave, or that he harboured the slave, was clearly good evidence in mitigation of damages.

52

JULY, 1826.

Rogers
v.
Wilson.

It was not full and conclusive evidence of these facts, but it raises a strong presumption of guilt, and should have been left to the Jury.

I am not prepared to say, nor is it necessary now to decide, whether the bad character of the plaintiff may be given in evidence in this action in mitigation of damages. But from the analogy to an action for malicious prosecution or for a malicious arrest, I presume that the character of the plaintiff, so far as relates to the offence which induced the imprisonment, might be given in evidence ; and I am satisfied that when the plaintiff himself introduces evidence of his character, to the introduction of which no objection is made by the defendant, that then the defendant may insist on the bad character of the plaintiff in mitigation of damages.

For these reasons I am of opinion that the judgment should be reversed, and the cause remanded. A majority of the Court have arrived at the same conclusion, but by a different process of reasoning.

The Chief Justice and Judge *Gale* concurred in the result.

Judges *Taylor* and *White* dissenting.

Judge *Saffold* not sitting.